**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:

KRISTINE STARKS,

    Plaintiff,

v.

GLOBAL CREDIT & COLLECTION CORPORATION, a Delaware corporation,

    Defendant.

**COMPLAINT AND JURY DEMAND**

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

**VENUE**

3. Venue is proper in this Judicial District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides in this Judicial District.

6. The Defendant transacts business in this Judicial District.

**PARTIES**

7. Plaintiff, Kristine Starks, is a natural person.

8. The Plaintiff resides in the City of Cascade, County of Teller, State of Colorado.

9. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. The Plaintiff is a "any person" as that term is used in 15 U.S.C. § 1692d preface.

11. Defendant, Global Credit & Collection Corporation, is a Delaware corporation operating from an address at 300 International Drive, PMB # 10015, Williamsville, New York, 14221.

12. The Defendant's registered agent in the state of Colorado is The Corporation Company, 1675 Broadway, Suite 1200, Denver, Colorado, 80202.

13. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. The Defendant is licensed as a collection agency by the state of Colorado.

15. The principal purpose of the Defendant is the collection of debts using the mails and telephone.

16. The Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

17. Sometime before 2009 the Plaintiff's husband allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on a personal account owed to Capital One (hereinafter the "Account").

18. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

19. The Account went into default with Capital One.

20. After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection.

21. The Defendant's collector(s) were employee(s) of the Defendant at all times mentioned herein.

22. The Defendant acted at all times mentioned herein through its employee(s).

23. In the year prior to the filing of the instant action the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant made telephone call(s) to the Plaintiff and left voicemail message(s) for the Plaintiff.

24. In the year prior to the filing of the instant action the Plaintiff called the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant in response to the telephone call(s) and voicemail message(s).

25. The Defendant's purpose for these telephone call(s) and voicemail message(s) was to attempt to collect the Account.

26. The telephone call(s) and voicemail message(s) conveyed information regarding the Account directly or indirectly to the Plaintiff.

27. The telephone call(s) and voicemail message(s) each individually constituted a "communication" as defined by FDCPA § 1692a(2).

28. The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant made telephone call(s) to the Plaintiff was to attempt to collect the Account.

29. The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant had telephone conversation(s) with the Plaintiff was to attempt to collect the Account.

30. The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant received telephone call(s) from the Plaintiff was to attempt to collect the Account.

31. The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant left voicemail message(s) for the Plaintiff was to attempt to collect the Account.

32. During the communication(s) the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account represented to the Plaintiff that she must pay her husband's debt or they would file legal action and take a judgment.

33. The representations stated in paragraph 32 were false and were false representations in connection with the collection of a debt, the Account.

34. In the year prior to the filing of the instant action the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account left voicemail message(s) for the Plaintiff that did not provide meaningful disclosure of the caller's identity as required by 1692d(6).

35. Global International is not the same company as Global Credit & Collection Corporation.

36. FDCPA 1692d states: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:"

37. FDCPA 1692d(6) states: "Except as provided in section 804, the placement of telephone calls without meaningful disclosure of the caller's identity."

38. In the year prior to the filing of the instant action the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account caused the Plaintiff's telephone to ring repeatedly or continuously with intent to annoy, abuse or harass the Plaintiff.

39. The Plaintiff and the Defendant had a telephone conversation on October 19, 2009.

40. The telephone conversation between the Plaintiff and the Defendant on October 19, 2009 conveyed information regarding the Account directly or indirectly to the Plaintiff.

41. The telephone conversation between the Plaintiff and the Defendant on October 19, 2009 constituted a "communication" as defined by FDCPA § 1692a(2).

42. The Defendant kept written documentation and / or computer record(s) that document a telephone conversation with the Plaintiff on the Account on October 19, 2009.

43. The Defendant kept written documentation and / or computer record(s) that document telephone call(s) to the Plaintiff on the Account in the year prior to the filing of the instant action.

44. The Defendant kept written documentation and / or computer record(s) that document telephone call(s) from the Plaintiff on the Account in the year prior to the filing of the instant action.

45. The Defendant kept written documentation and / or computer record(s) that document voicemail message(s) left for the Plaintiff on the Account in the year prior to the filing of the instant action.

46. The Defendant and its representative(s), employee(s) and / or agent(s) statement(s) and action(s) constitute harassment or abuse and therefore violate FDCPA 1692d preface, d(5) and d(6).

47. The Defendant and its representative(s), employee(s) and / or agent(s) statement(s) and action(s) constitute false and misleading representations and means and violate FDCPA 1692e preface, e(2)(A), e(5) and e(10).

48. The Defendant and its representative(s), employee(s) and / or agent(s) statement(s) and action(s) constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

49. The Defendant's statement(s) and action(s) as well as that of its representative(s), employee(s) and / or agent(s) were attempts to frighten, harass and abuse the Plaintiff into paying the alleged debt.

50. As a consequence of the Defendant's collection activities and communications, the Plaintiff has sustained non-economic actual damages including anxiety, anger, frustration, headaches, stress and changes in sleeping habits as a result of the Defendant's actions.

51. The Defendant made audio recording(s) of its telephone call(s) with the Plaintiff in the year prior to the filing of the instant action.

52. The Defendant has copies of the audio recording(s) of its telephone call(s) with

      the Plaintiff in the year prior to the filing of the instant action.

53. The Defendant's copies of the audio recording(s) of its telephone call(s) with the Plaintiff in the year prior to the filing of the instant action substantiate the Plaintiff's allegations in this action.

54. The Defendant made audio recording(s) of the voicemail message(s) it left for the Plaintiff in the year prior to the filing of the instant action.

55. The Defendant has copies of the audio recording(s) of the voicemail message(s) it left for the Plaintiff in the year prior to the filing of the instant action.

56. The Defendant's copies of the audio recording(s) of the voicemail message(s) it left for the Plaintiff in the year prior to the filing of the instant action substantiate the Plaintiff's allegations in this action.

## **RESPONDEAT SUPERIOR**

57. The representative(s) and / or collector(s) at the Defendant were employee(s) of the Defendant at all times mentioned herein.

58. The representative(s) and / or collector(s) at the Defendant were agent(s) of the Defendant at all times mentioned herein.

59. The representative(s) and / or collector(s) at the Defendant were acting within the course of their employment at all times mentioned herein.

60. The representative(s) and / or collector(s) at the Defendant were acting within the scope of their employment at all times mentioned herein.

61. The representative(s) and / or collector(s) at the Defendant were under the direct supervision of the Defendant at all times mentioned herein.

62. The representative(s) and / or collector(s) at the Defendant were under the direct control of the Defendant at all times mentioned herein.

63. The actions of the representative(s) and / or collector(s) at the Defendant are imputed to their employer, the Defendant.

64. As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

## **COUNT I, FDCPA VIOLATIONS**

65. The previous paragraphs are incorporated into this Count as if set forth in full.

66. The acts and omissions of the Defendant and its representative(s), employee(s) and / or agent(s) constitute violations of the FDCPA, including but not limited to § 1692d preface, d(5), d(6), § 1692e preface, e(2)(A), e(5), e(10) and § 1692f preface.

67. Pursuant to FDCPA section 1692k the Plaintiff is entitled to actual damages, statutory damages up to $1,000.00, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. 7., Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Actual damages under 15 U.S.C. § 1692k(a)(1).

3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5. Such other and further relief as the Court deems just and proper.

                Respectfully submitted,

                _s/ David M. Larson_____
                David M. Larson, Esq.
                405 S. Cascade Avenue, Suite 305
                Colorado Springs, CO 80903
                (719) 473-0006
                Attorney for the Plaintiff